IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILFREDO CRUZ, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. GLR-25-0044 |
| BAY POINT INSURANCE, LLC, et al., | * | |
| Defendants. | * | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant David Small's Motion for Leave to File Opposition to Plaintiff Wilfredo Cruz's Motion for Default Judgment and Request to Vacate Order of Default (ECF No. 75).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant in part and deny in part Small's Motion.

## I. BACKGROUND[2]

The dispute at issue arises from Defendant David Small's failure to respond to Plaintiff Wilfredo Cruz's Amended Crossclaim, filed on September 3, 2025, against him and two co-defendants, Karl Smith and Bay Point Insurance, LLC ("Bay Point") (collectively, "Defendants"), (ECF No. 26), and his delayed response to Cruz's Motion for

[1] Also pending before the Court is Cruz's Motion for Default Judgment against Small. (ECF No. 71). Because the Court vacates the Clerk's entry of default against Small, Cruz's Motion for Default Judgment is denied as moot. See J & J Sports Prods., Inc. v. Mumford, No. DKC-10-2967, 2011 WL 1675223, at *1 (D.Md. May 3, 2011).

[2] Despite this case's lengthy factual and procedural history, the Court only recounts what is necessary to resolve the instant Motions.

Clerk's Entry of Default, filed on October 2, 2026, (ECF No. 42), and Cruz's Motion for Default Judgment, filed on July 28, 2026, (ECF No. 71).[3]

Cruz first attempted service by emailing Small the Amended Crossclaim on September 3, 2025. (Cross Pl. Mot. Entry Default Against Cross Def. Small ["Mot. Entry Default"] ¶ 4, ECF No. 42). Cruz then hired a private process server, Robert Hansen, to effectuate service on Small. (See generally Hansen Aff. Service, ECF No. 36). Hansen attempted service on Small on September 9, 2025, by hand delivering a copy of the summons, Amended Crossclaim, and the attached exhibits to Smith at 2101 Basil Hall Lane, Gambrills, Maryland 21054 ("2101 Basil Hall Lane"). (Hansen Aff. Service at 1).[4] Smith organized Bay Point and hired Small to work as an insurance broker and producer at Bay Point. (Am. Cross-cl. ¶¶ 16, 19, ECF No. 26). According to Hansen, Smith told him that he "called . . . Small," who "gave [Smith] the authority to accept [service] on his behalf" over the phone. (Hansen Aff. Service at 1). Hansen further notes that he left copies of the summons, Amended Crossclaim, and attached exhibits with Smith, who "acknowledged being: 1. A resident of [2101 Basil Hall Lane]," and 2. Small's "[b]oss." (Id.). Small's answer to the Amended Crossclaim was due on September 30, 2025. (ECF No. 36). The Proof of Service attached to the Executed Summons shows a check in the box stating, "I left the summons at the individual's residence or usual place of abode with Karl

[3] Prior to filing his Amended Crossclaim, Cruz also filed a Consent Motion to Join W&DC General Contractor, LLC ("W&DC") as a required party under Federal Rule of Civil Procedure 19(a)(1), (Mot. Joinder at 4, ECF No. 25-1), which the Court granted on January 7, 2026, (Jan. 7, 2026 Order at 1–2, ECF No. 66).

[4] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Smith . . . a person of suitable age and discretion who resides there . . . ." (Proof of Service at 2, ECF No. 31). Small—who was unrepresented at the time—did not file a responsive pleading or otherwise file an appearance in the case. (Mot. Entry Default ¶ 8).

On October 2, 2025, Cruz filed a Motion for Clerk's Entry of Default against Small, listing Small's last known addresses as: (a) 2101 Basil Hall Lane, Suite 200; (b) 608 Kenora Woods Court, Millersville, Maryland 21108; and (c) 804 Emory Court, Odenton, Maryland 21113, (Mot. Entry Default ¶¶ 12(a)–(c)), and certifying that he had served a copy of the Motion on Small via email at dave@mybaypointinsurance.com and davesmall348@yahoo.com and certified mail at all three of the above-mentioned last known addresses, (id. at 5). Subsequently, on October 14, 2025, the Clerk entered default as to Small, (Clerk's Entry Default, ECF No. 47), and mailed him a Notice of Default, informing him that he had "thirty (30) days . . . to file a motion to vacate the order of default," (Notice Default, ECF No. 48). Accordingly, Small's motion to vacate the order of default was due on November 13, 2025. On October 15, 2025, Magistrate Judge Chelsea J Crawford appointed Stephan Young Brennan as pro bono counsel to represent Small "for the limited purpose of representation at [the] settlement conference," (Oct. 15, 2026 Order at 1, ECF No. 49), scheduled for November 24, 2025, (Oct. 31, 2026 Paperless Order, ECF No. 58).

At the same time, however, mail sent to Small at the above-mentioned addresses by the Court regarding the entry of default against him and Brennan's appointment as a pro bono counsel to represent him at the settlement hearing were all returned as undeliverable on four separate occasions between October 25, 2025 and November 7, 2025. (See ECF

Nos. 54–56, 60). On December 16, 2026, after the November 24th settlement conference, Cruz filed a status report with this Court, noting that Small's default as to the Amended Crossclaim "persists" and that because Small "has pro [bono] counsel for settlement purposes only, . . . he stipulated to the settlement agreement" but "does not . . . affirmatively join this status report." (Cross Pl.'s Dec. 16, 2025 Status Report ¶¶ 18–19, ECF No. 64).

Subsequently, after resolving Defendants Smith and Bay Point's Motion to Dismiss—which Small, who remained unrepresented at the time, did not join—on June 10, 2026, this Court ordered Cruz to file a motion for default judgment as to Small or show cause as to why such a motion would be inappropriate on July 14, 2026.[5] (July 14, 2026 Order at 1–2, ECF No. 70). Cruz filed a Motion for Default Judgment as to Small on July 28, 2026, and certified that he served it via email on Small at his two above-mentioned email addresses. (Pl.'s Mot. Default J. ["Mot. Default J."] at 3, ECF No. 71). Small's opposition to the Motion for Default Judgment was due on August 11, 2026. See Local Rule 105.2(a) (D.Md. 2025). Small did not oppose the Motion by August 11, 2026; instead, seventeen days later, on August 27, 2026, William Stuart Heyman entered his appearance on behalf of Small and notified the Court of Small's intent to respond to the pending Motion for Default Judgment by August 28, 2026. (Notice Appearance at 1, ECF No. 72).

[5] After resolving Smith and Bay Point's Motion to Dismiss, the Court directed them to answer the remaining counts of Cruz's Amended Crossclaim, (June 10, 2026 Order at 2, ECF No. 68), which they did on July 2, 2026, (ECF No. 69).

On August 28, 2026, Small—now represented for the first time since the instant action was initiated—filed a Motion for Leave to File Opposition to the pending Motion for Default Judgment and Request to Vacate Order of Default. (ECF No. 75). Cruz filed his Opposition on September 11, 2026, (ECF No. 78), and Small filed his Reply on September 25, 2026, (ECF No. 79).[6]

## II. DISCUSSION

### A. Standard of Review

A party seeking default judgment under Federal Rule of Civil Procedure Rule 55(b) must first obtain a clerk's entry of default under Federal Rule of Civil Procedure 55(a). See Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 130 (4th Cir. 2020) ("Rule 55 contemplates a two-step procedure."); Sigala v. ABR of VA, Inc., No. GJH-15-1779, 2016 WL 1643759, at *2 n.2 (D.Md. Apr. 21, 2016) (emphasizing that obtaining a Clerk's entry of default is a "necessary prerequisite to obtaining judgment by default."); see also Local Rule 105.2(a) (D.Md. 2025).

Generally, under Federal Rule of Civil Procedure 55(c), a court may "set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir.

[6] As the case currently stands, no scheduling order has been issued, no discovery has been undertaken, and the Parties are scheduled to participate in a settlement conference with Judge Crawford on February 16, 2027. (Sep. 1, 2026 Paperless Order, ECF No. 77).

2010). Accordingly, courts "liberally construe" motions to vacate or set aside default to "provide relief from the onerous consequences of defaults and default judgments." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

A court, however, need not undertake a "good cause" analysis for vacatur of entry of default under Rule 55(c) where a defendant has not been properly served with process in the first place. See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 744 F.2d 1087, 1089 (4th Cir. 1984)). That is because a court cannot enter default against a defendant under Rule 55(a) unless the court has personal jurisdiction over a party, and the court lacks personal jurisdiction over a party that has not been effectively served with process. Id. Indeed, "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Abanda v. OurBloc LLC, No. BAH-23-1071, 2026 WL 472270, at *3 (D.Md. Feb. 19, 2026) (quoting Koehler, 152 F.3d at 306). And because the entry of default is a "necessary prerequisite to obtaining judgment by default," Sigala, 2016 WL 1643759, at *2 n.2, it is axiomatic that "[a] court cannot enter default judgment against a party" over whom it does not have personal jurisdiction due to improper service of process, see Anderson v. Turner, No. DKC-25-3251, 2026 WL 799238, at *2 n.1 (D.Md. Mar. 23, 2026) (emphasis added) (citing Carmax Enter. Servs., LLC v. Precision Glob. Med. Distribs., LLC, No. 22-cv-463, 2024 WL 68551, at *5 (E.D.Va. Jan. 5, 2024)).

The party seeking a vacatur of entry of default bears the burden of "proffer[ing] evidence that would permit a finding for the defaulting party," Russell v. Krowne, No. DKC-08-2468, 2013 WL 66620, at *2 (D.Md. Jan. 3, 2013), and "[a]ny doubts about

whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits," Tolson, 411 F.2d at 130. Importantly, "[t]he decision to set aside a default 'lies largely within the discretion of the trial judge." Makowske v. Lincoln Life Assurance Co. of Bos., No. SAG-21-1439, 2021 WL 3288365, at *1 (D.Md. Aug. 2, 2021) (quoting Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006)).

**B. Analysis**

Filing his motion 288 days late, Small argues that the Clerk's entry of default against him is improper because Cruz did not properly serve him with a copy of the summons and the Amended Crossclaim. (Def.'s Mem. L. Supp. Mot. Leave File Opp'n Mot. Default J. & Request Vacate Order Default ["Mot. Vacate"] at 5–9, ECF No. 75-1). Specifically, Small asserts that he has never resided at two of the three addresses at which Cruz served him—2101 Basil Hall Lane and 608 Kenora Woods Court—and has not resided at the third address at which Cruz served him—804 Emory Court—since 2015. (Small Decl. ¶¶ 5, 7–8, ECF No. 75-2). Small states that 2101 Basil Hall Lane is Bay Point's business address and Smith's residence, (id. ¶ 6), while 608 Kenora Woods Court is "Smith's former residence," (id. ¶ 7). Small insists that he has "resided at 2137 Basil Hall Lane in Gambrills, Maryland . . . since February 2017." (Id. ¶ 4). Accordingly, Small argues that service by leaving the summons and the Amended Crossclaim with Smith at 2101 Basil Hall Lane was improper because (1) that is not and has never been his residence, and (2) he "never appointed Karl Smith, or anyone else, as [his] agent to receive service of process in this case or in any other matter." (Id. ¶¶ 6, 11, 13). For reasons explained below, the Court finds

that Small did not receive proper service and as such, vacates the Clerk's entry of default against him.

"[D]efault requires that proper service of process be effected on each defendant." Walton v. Washington, No. SAG-24-1681, 2025 WL 449141, at *1 (D.Md. Feb. 10, 2025) (citing Armco, Inc., 733 F.2d at 1089); see also Trs. of Nat'l Elec. Benefit Fund v. LTP Contracting Grp., LLC, No. TDC-23-456, 2023 WL 6140227, at *3 (D.Md. Sep. 19, 2023) ("A court cannot grant a motion for default judgment if the defendant did not receive proper service."), report and recommendation adopted, No. TDC-23-456, 2023 WL 8679030 (D.Md. Oct. 11, 2023).

Here, the Court finds that Cruz did not properly serve Small under either the Federal Rules of Civil Procedure or under the Maryland Rules. Under Federal Rule of Civil Procedure 4(e), the plaintiff is required to serve each defendant in one of the following ways: (1) personal service on the defendant; (2) leaving a copy of the summons and the complaint (or crossclaim) at the defendant's dwelling with someone of suitable age and discretion who resides there; (3) serving an agent authorized by the defendant to accept service; or (4) as otherwise authorized by the law of the state in which the district court is located. Fed.R.Civ.P. 4(e)(1)–(2).

Rule 4(e) does not, however, "not allow process to be served on individuals at their place of work unless personally served or left with an agent authorized to accept service." Atkins v. Winchester Homes, No. CCB-06-278, 2007 WL 269083, at *4 (D.Md. Jan. 17, 2007). Crucially, Cruz, as the plaintiff, bears the burden to show that Smith "was authorized by appointment or by law to accept service on [Small's] behalf," see Collins v.

Thornton, 782 F.App'x 264, 268 (4th Cir. 2019) (citing Fed.R.Civ.P. 4(e)(2)(C)), because "[a] co-worker is typically not considered an agent authorized to accept service under Rule 4(e), and the actual acceptance of service by the co-worker does not necessarily indicate that service was properly effectuated on the individual defendant[]," Atkins, 2007 WL 269083, at *4.

Maryland Rules, in turn, permit service on an individual defendant by (1) in-person delivery to the defendant; (2) leaving a copy of the summons and the complaint—or the crossclaim—at the defendant's dwelling with a resident of suitable age or discretion; or (3) mailing by certified mail requesting "Restricted Delivery." Md. Rule 2-121(a).

Moreover, Cruz—as the plaintiff—"bears the burden of establishing the validity of service pursuant to Rule 4," "[o]nce [it] has been contested." See, e.g., Smith v. McCarthy, No. ELH-20-419, 2021 WL 4034193, at *27 (D.Md. Sep. 3, 2021). Generally, "a signed return of service constitutes prima facie evidence of valid service," Dunn v. Nicholas Cnty., No. 2:14-25532, 2015 WL 3843777, at *2 (S.D.W.Va. June 22, 2015) (citation modified), which may be rebutted by "strong and convincing evidence," including facts "presented in affidavits and other documentary evidence, as well as deposition or oral testimony," Farrar v. Cessna Aircraft Co., No. 2:18-CV-00461, 2022 WL 16554697, at *2 (S.D.W.Va. Oct. 31, 2022).

Here, the signed Return of Service presented by Cruz, (ECF Nos. 36, 36-1) constitutes prima facie evidence of valid service, which is entitled to a "presumption of correctness," Dunn, 2015 WL 3843777, at *2. Small has, however, adequately rebutted this presumption by filing a declaration—under penalty of perjury—that he has never

resided at either 2101 Basil Hall Lane (Bay Point's business address and Smith's current address) or 608 Kenora Woods Court (Smith's former address), (Small Decl. ¶¶ 6, 7), and that he has not resided at 804 Emory Court since 2015, (id. ¶ 8).[7]

In addition, Small denies being served, either personally or by mail, the summons and the Amended Crossclaim, (id. ¶¶ 9, 10); explicitly states that he has no recollection of receiving a call from Smith where he authorized Smith to accept service on his behalf, (id. ¶ 12); insists that he "never appointed . . . Smith, or anyone else, as [his] agent to receive service of process in this case or in any other matter," (id. ¶ 13); and maintains that Smith "never gave [him] the summons or the" Amended Crossclaim and never informed him "that he had accepted legal papers on [his] behalf," (id. ¶ 14). Because "declarations under penalty of perjury," like the one put forth by Small, "have the same effect as sworn affidavits," see Archbell v. Nicholson, No. 5:07-CV-00358-BR, 2009 WL 2136260, at *2 n.1 (E.D.N.C. July 15, 2009) (citing 28 U.S.C. § 1746(2)) and because Cruz has not offered affidavits, declarations, or other evidence to the contrary—including any evidence that Small did in fact authorize Smith to accept service on his behalf—Cruz has not met his "burden of establishing the validity of service" on Small under Rule 4, see Smith, 2021 WL 4034193, at *27; see also Turner v. Howell, No. 4:22-CV-00130, 2023 WL 6509490, at *5 (W.D.Va. Oct. 5, 2023) ("'[I]n the absence of an actual appointment, service of process is ineffective' even if an individual held themselves out as having authority to

---

[7] That mail sent by the Court to Small at the above-mentioned addresses was returned as undeliverable on four occasions adds further credibility to his representation that the addresses at which Cruz attempted to serve him were incorrect. (See ECF Nos. 54–56, 60).

receive service for a defendant." (quoting McCombs v. Granville Exempted Vill. Sch. Dist., No. 2:07-cv-00495, 2009 WL 467066, at *4 (S.D.Ohio Feb. 24, 2009)); 4A Wright & Miller's Federal Practice & Procedure § 1097 (4th ed. 1996) ("[F]ederal courts have held that claims by an agent of having authority to receive process . . . is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer the authority upon the agent.").[8]

Cruz's arguments to the contrary are unpersuasive. First, Cruz asks this Court to "assume" that Small had notice of the claims and order of default against him because his court appointed pro bono counsel, Brennan, "had every opportunity to provide . . . Small with copies of the filings on this Court's docket" even if Small did not have access to the CM/ECF system. (Cross Pl.'s Opp'n Mot. Vacate ["Opp'n"] at 7–8, ECF No. 78-1). But the Court appointed Brennan to represent Small pro bono only "for the limited purpose of representation at [the]" November 24, 2025 settlement conference, (Oct. 15, 2025 Order at 1), and Cruz has provided no evidence—as is his burden as the plaintiff seeking to demonstrate proper service—that Brennan or anyone else at the settlement conference told Small about the entry of default against him.

Cruz next argues that Small's declaration is "disingenuous" and that he had notice of the claims and entry of default against him because Cruz's counsel served court filings

[8] Indeed, that Cruz could have, but did not provide an affidavit or declaration from Smith—who is a co-defendant in this case and consented to Small filing the instant untimely Motion—confirming that Small did in fact authorize him to accept service on his behalf over the phone further undermines the credibility of the process server's representation.

on Small via email under Federal Rule of Civil Procedure 5, and his declaration does not attest that "he failed to receive those copies because those email addresses were incorrect." (Opp'n at 8; Mot. Entry Default ¶ 4 (stating that Cruz served Small with the Amended Crossclaim under Fed.R.Civ.P. 5 via email on September 3, 2025); Mot. Default J. at 3 (certifying that he had served the Motion for Default Judgment on Small via email)). This argument also does not cure the defective service at issue here because Rule 5 "does not govern the service of the summons and the complaint" (or crossclaim) "on a party who has not yet appeared in the case." Allianz Glob. Risks U.S. Ins. Co. v. Benchmark Trade Sols., Inc., No. 2:24-CV-08682-CAS-MAR, 2025 WL 3650168, at *3 n.1 (C.D.Cal. Oct. 24, 2025) (citing Fed.R.Civ.P. 4); Reid v. Dan Yant, Inc., No. 15-CV-2358-MKB-SJB, 2018 WL 8014197, at *2 (E.D.N.Y. Oct. 25, 2018) ("Rule 5 applies only to appearing parties."); see also 4B Wright & Miller's Federal Practice & Procedure §§ 1141, 1144 (4th ed. 2026) (explaining that "a party who is in default for failure to appear is entitled to receive a pleading asserting a new claim for relief against him, but it must be served on him under Rule 4 as if it were original process," and that "[s]ervice of the summons and the original complaint itself is governed by Rule 4"). Here, when Cruz's counsel emailed Small with the Amended Crossclaim (without Summons) and the Motion for Default Judgment, Small had not yet appeared in the case. Accordingly, Cruz could not serve him under Rule 5.[9]

[9] To the extent Cruz attempted service on Small via email under Maryland Rule 2-121(c), which governs service via alternative means, such service remains defective because a party must seek leave of court before serving a party via alternative means, such as via email. See Md. Rule 2-121(c). Under Maryland Rule 2-121(c), a court may authorize alternative service by any other means "that it seems appropriate in the circumstances and

Even assuming that Small "might have known" about Cruz's claims against him—a generous assumption that this Court declines to make—such a fact "does not validate otherwise improper service when" it is clear "that [Small] never actually received the summons and the [Amended Crossclaim]." See Felix v. Sun Microsystems, Inc., No. JFM-03-1304, 2004 WL 911303, at *4 (D.Md. Apr. 12, 2004). Indeed, "[a]ctual notice does not equate to sufficient service of process . . . ," Knox v. Amazon.com Servs., LLC, No. BAH-24-126, 2024 WL 4556902, at *3 (D.Md. Oct. 23, 2024), aff'd, No. 24-2141, 2025 WL 1177249 (4th Cir. Apr. 23, 2025), which is required for entry of default, Walton, 2025 WL 449141, at *1. See also Trs. of Nat'l Elec. Benefit Fund, 2023 WL 6140227, at *3.

In sum, because Cruz did not properly serve Small, this Court never acquired personal jurisdiction over him, and as such, could not enter default against him. See Koehler, 152 F.3d at 306; Abanda, 2026 WL 472270, at *3; Anderson, 2026 WL 799238, at *2 n.1. Small has also adequately explained his delay in responding to the Amended Crossclaim and the Motion for Default Judgment, including that he only learned of the Motion in late July 2026 from Brennan, immediately sought to retain an attorney to represent him, and filed an appearance in the case seventeen days after learning about the Motion, (see Small Decl. ¶ 20; see generally Notice Appearance, ECF No. 74), thus demonstrating his commitment to resolve the claims at issue on the merits. Furthermore,

---

reasonably calculated to give actual notice" if, and only if, the plaintiff proves by affidavit that good faith efforts to serve the defendant according to other methods of service prescribed in Maryland Rule 2-121(a) have proven unsuccessful. Id. Here, there is no record of Cruz seeking leave of court to effectuate service upon Small via alternative means, such as email. Accordingly, any manner of service attempted under Maryland Rule 1-121(c) remains defective.

no scheduling order has been issued in the case, the other two Defendants (Smith and Bay Point) answered on July 2, 2026, no discovery has been undertaken, and the next thing on the docket is a settlement conference scheduled in February 2027. (See generally Sep. 1, 2026 Paperless Order, ECF No. 77). Considering these facts in light of the Fourth Circuit's "repeatedly expressed . . . strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Preparatory Acad., Inc., 616 F.3d at 417, the Court will grant Small's Motion in part and vacate the entry of default against him, deny his Motion for Leave to File Opposition to Cruz's Motion for Default Judgment and direct Small to file an Answer to the Amended Crossclaim within seven (7) days.[10]

[10] Cruz informs the Court that he intends to "amend his pleading to reflect the new caption of this matter, his designation as a Plaintiff, rather than a cross-claimant, and the joinder of W&DC," and notes that in this amended pleading, W&DC intends to "assert only the same claims that [Cruz]" previously asserted in his Amended Crossclaim "minus any claims the Court previously dismissed." (Cross Pl.'s Opp'n Mot. Vacate ["Opp'n"] at 10, ECF No. 78-1). To that end, Cruz "emphatically takes the position that the amendment of his pleading for the purposes of asserting the same claims on behalf of W&DC . . . against the same Defendants minus any claims dismissed by the Court would not entitle [Small] to challenge his default" and requests that to the extent that Small attempts to use a potential amended pleading joining W&DC to challenge his default, the Court retroactively amend its order to join W&DC permissively under Rule 20, despite having previously joined W&DC mandatorily under Rule 19. (Id. at 10; Jan. 7, 2026 Order at 1, ECF No. 66). Having vacated the entry of default as to Small, Cruz's request and any potential amendment should have no bearing on the now vacated entry of default against Smith, provided that Cruz serves any future amended pleading on Small under the appropriate Federal or Maryland rules governing service of process. Accordingly, the Court declines to retroactively amend its previous order.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Small's Motion in part as to his request to vacate the order of default, deny the Motion in part as to his request for leave to file an opposition to Cruz's pending Motion for Default Judgment (ECF No. 75), and deny Cruz's Motion for Default Judgment (ECF No. 71) as moot. A separate Order follows.

Entered this 24th day of November, 2026.

/s/
George L. Russell, III
Chief United States District Judge